**MICHAEL JAY BERGER (State Bar # 100291)**
**LAW OFFICES OF MICHAEL JAY BERGER**
**9454 Wilshire Blvd. 6th Floor**
**Beverly Hills, CA 90212-2929**
**Telephone: (310) 271-6223**
**Facsimile: (310) 271-9805**
**michael.berger@bankruptcypower.com**

**Attorney for Debtors,**
**Ludo Gust Mensch and Lorraine Patricia Mensch**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**Ludo Gust Mensch and Lorraine Patricia Mensch,**<br><br>**Debtors.** | **CASE NO.: 1:10-bk-22102-MT**<br><br>**Chapter 11**<br><br>**PLAN OF REORGANIZATION**<br><br>**Disclosure Statement and Plan Confirmation Hearing:**<br><br>Date: May 26, 2011<br>Time: 9:30 a.m.<br>Courtroom: 302 |

**TO THE HONORABLE MAUREEN TIGHE, JUDGE OF THE UNITED STATES BANKRUPTCY COURT AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

This plan of reorganization (the "Plan") under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), provides for the restructuring of the debts of the above-named debtors, Ludo Gust Mensch ("Mr. Mensch") and Lorraine Patricia Mensch ("Mrs. Mensch"; collectively with Mr. Mensch, the "Debtors"), debtors and debtors-in-possession herein. If confirmed, the

Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to Confirmation, or have their claims allowed. All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims. A disclosure statement (the "Disclosure Statement") that provides additional information is being circulated with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

## Article I

## Classification and Treatment of Claims

**Overview of Plan Payments:**

Below is a summary of who gets paid what and when and from what source. The identity of members within a particular class is explained beginning on the next page. The second column lists two amounts. First, the amount of each distribution, or if only one is to be made, then that amount; second, the total amount that will be paid. The Proponent is usually not required by law to pay an unsecured creditor or interest holder everything it would otherwise be entitled to, had a bankruptcy case not commenced. The "Payment Due Date" column states the frequency with which distributions will be made and the starting and ending dates. Look at the starting date to figure out who will be paid before and after you and in what amount. The "Source of Distribution" column describes the expected source of distribution.

The timing of distributions to many creditors is determined by the "Effective Date." Administrative claims, unless otherwise stated, must be paid by the Effective Date. The timing

of distributions to impaired creditors is measured from the Effective Date. In this case, the Effective Date is **July 1, 2011**.

| Distribution Recipient | Payment Amount and Interval | Payment Due Date | Source of Distribution | Total Amount to be Paid |
|---|---|---|---|---|
| Law Offices of Michael Jay Berger | TBD (lump sum) | Effective Date (subject to Court approval) | From Debtor's disposable income | TBD |
| Clerk's Office Fees | TBD (lump sum) | Effective Date | From Debtor's disposable income | TBD |
| Office of the U.S. Trustee Fees | TBD (lump sum) | Effective Date | From Debtor's disposable income | TBD |
| Los Angeles County Treasurer and Tax Collector ("L.A. Tax Collector") (Lobo Canyon Property) (Class #2a) | $223.69 (quarterly) | 07/01/2011 – 04/01/2016 | Cash collateral (if available) and balance of fund from Debtors' disposable income | $4,473.80 |
| Capital One, N.A. ("Capital One") (Lobo Canyon Property) (Class #3a) | $5,231.86 (monthly) | 07/01/2011 – 09/01/2037 | Cash collateral (if available) and balance of fund from Debtors' disposable income | $1,648,035.90 |
| Capital One (Lobo Canyon Property) (Class #3a) | $725.43 (monthly to arrears) | 07/01/2011 – 09/01/2037 | Cash collateral (if available) and balance of fund from Debtors' disposable income | $228,510.45 |
| Capital One (Lobo Canyon Property) (Class #3a) | $29,573.40 (lump sum to arrears) | 09/01/2037 | Cash collateral (if available) and balance of fund from Debtors' disposable income | $29,573.40 |
| PNC Bank, N.A. ("PNC") (Lobo Vista Property) (Class #3b) | $1,475.82 (monthly) | 07/01/2011 – 06/01/2035 | Cash collateral (if available) and balance of fund from Debtors' disposable income | $425,036.16 |
| PNC (Lobo Vista Property) (Class #3b) | $93,647.25 (lump sum) | 07/01/2035 | Cash collateral (if available) and balance of fund from Debtors' disposable income | $93,647.25 |
| PNC (Lobo Vista Property) (Class #3b) | $174.06 (monthly to arrears) | 07/01/2011 – 06/01/2035 | Cash collateral (if available) and balance of fund from Debtors' disposable income | $50,129.28 |
| PNC (Lobo Vista Property) | $11,044.60 (lump sum to arrears) | 07/01/2035 | Cash collateral (if available) and balance of fund from Debtors' | $11,044.60 |

| | | | | |
|---|---|---|---|---|
| (Class #3b) | | | disposable income | |
| Unsecured creditors (Class #4) | $3,000.00 (quarterly) | 07/01/2011 – 04/01/2016 | From Debtor's disposable income | $60,000.00 |

**Class 1: Priority Claims:**

This class includes allowed claims entitled to priority under § 507 of the Bankruptcy Code (except administrative claims under § 507(a)(2) and priority tax claims under § 507(a)(8), which are treated in Article II). Debtor has creditors in Classes 1(a) though 1(f) as indicated:

The Debtor has no creditors in Class 1 entitled to priority under Bankruptcy Code § 507(a)(1), (a)(3), (a)(4), (a)(5), (a)(6) or (a)(7).

**Class 2: Mortgage(s) on unimpaired secured claims.**

This class includes claims secured by a lien on property in which Debtor has an interest that are unimpaired under the Plan. Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim. All arrearages shall be paid in full on the Effective Date, unless the holder of the claim agrees to other terms. Regular payments made thereafter will be made when due under the documents governing claim.

These classes are unimpaired and not entitled to vote on the Plan.

| Class# | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| 2(a) | Secured claim of senior secured real estate taxes | N | N | Payment interval: Quarterly |
| | Name: L.A. Tax Collector | | | Quarterly payment: $298.52 |
| | Collateral description: Lobo Canyon Property | | | Payments begin: July 1, 2011 |
| | Value of collateral: $800,000.00 | | | Payments end: April 1, 2016 |
| | Priority of lien: first | | | Balloon payment: none |

| | | | | |
|---|---|---|---|---|
| | Principal owed: $4,171.10 | | | Interest Rate: 3.0%; principal and interest. |
| | Pre-petition arrearages: $unknown | | | Arrearage payment interval: not applicable |
| | Post-Petition arrearages: $unknown | | | Arrearage monthly payment: not applicable |
| | Total Claim Amount: $4,171.10 (L.A. Tax Collector late filed a claim in the aggregate amount of $7,945.87 claiming a secured claim for taxes as against both the Lobo Canyon Property and the Lobo Vista Property. Amount of claim is Debtors' scheduled amount of taxes, which relate to the Lobo Canyon Property only.) | | | Arrearage payments begin: not applicable |
| | | | | Arrearage payments end: not applicable |
| | | | | Arrearage interest rate: not applicable |
| | | | | Arrearage balloon payment: none |

The secured claim of the L.A. Tax Collector is unimpaired and treated in the same manner unsecured, priority tax claims.

**Class 3: Other Secured Claims including Debtor's primary residence.**

This class includes claims secured by a lien on property in which Debtor has an interest, other than the unimpaired secured claims in Class 2, to the extent of the value of that creditor's interest in Debtor's interest in the property, pursuant to § 506 of the Bankruptcy Code. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 4. However if the claim is secured solely by the Debtor's principal residence and there is any amount of equity to at least partially secure the claim, the claim will be paid in full as a secured claim in this class. § 1123(b)(5).

The following charts list Class 3 claims and their proposed treatment under the Plan:

| Class# | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| 3(a) | Secured claim of senior secured lender holding voluntary lien | N | N | Payment interval: Monthly |
| | Name: Capital One | | | Monthly payment: $5,231.86 |
| | Collateral description: Lobo Canyon Property | | | Payments begin: July 1, 2011 |
| | Value of collateral: $800,000.00 | | | Payments end: September 1, 2037 |
| | Priority of lien: second | | | Balloon payment: $none |
| | Principal owed: $1,190,055.44 | | | Interest Rate: 1 mo LIBOR + 2.40%; principal and interest. |
| | Pre-petition arrearages: $79,127.32 | | | Arrearage payment interval: monthly |
| | Post-Petition arrearages: $52,243.00 (estimated though June 30, 2011) | | | Arrearage monthly payment: $725.43 |
| | Total Claim Amount: $1,321,425.76 (estimated through June 30, 2011) | | | Arrearage payments begin: July 1, 2011 |
| | | | | Arrearage payments end: September 1, 2037 |
| | | | | Arrearage interest rate: 5.25%; principal and interest |
| | | | | Arrearage balloon payment: $29,573.40 |

The lien of Capital One on the Lobo Canyon Property is unimpaired. Current payments estimated based upon contract rate and current value of contract index and re-amortized as of the Effective Date (actual contract change date is scheduled for September 1, 2011). All arrearages shall be paid at 5.25% interest, amortized as of the Effective Date for 30 years, with a balloon payment due on the arrearages at term of the loan.

| Class# | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| 3(b) | Secured claim of senior secured lender holding voluntary lien | N | Y | Payment interval: Monthly |
| | Name: PNC | | | Monthly payment: $1,475.82 |
| | Collateral description: LoboVista Property | | | Payments begin: July 1, 2011 |
| | Value of collateral: $300,000.00 | | | Payments end: June 1, 2035 |

| | | | | |
|---|---|---|---|---|
| | Priority of lien: first | | | Balloon payment: $93,647.25 |
| | Principal owed: $466,698.81 | | | Interest Rate: 4.25%; principal and interest |
| | Pre-petition arrearages: $46,027.23 | | | Post-petition arrearage payment interval: monthly |
| | Post-Petition arrearages: $35,381.50 (estimated though June 30, 2011) | | | Post-petition arrearage monthly payment: $174.06 |
| | Total Claim Amount: $548,107.54 (estimated through June 30, 2011) | | | Post-petition arrearage payments begin: July 1, 2011 |
| | | | | Post-petition arrearage payments end: June 1, 2035 |
| | | | | Post-petition arrearage interest rate: 4.25% |
| | | | | Post-petition arrearage balloon payment: $11,044.60 |

The lien of PNC on the Lobo Vista Property is modified to provide first for bifurcation of the claim pursuant to current value of the Lobo Vista Property, resulting in a lien for $300,000.00. Payments on the secured claim will be made at 4.25%, principal and interest, re-amortizing the loan as of July 1, 2021 for 30 years, but maintaining the current term expiration of June 1, 2035, with a balloon payment at term. Post-petition arrearages will be paid on the same term as the secured claim.

If a secured creditor disputes the value of its collateral as stated above by Debtor, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor will be determined to be the value of the collateral. The objection shall be accompanied by competent evidence of valuation, which need not include an appraisal. If the value of the collateral is disputed, the Court, after consultation with the parties will schedule a hearing for determining value.

To the extent that there are any defaults that are not being cured or paid in full on or before the effective date, those classes are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 4: General Unsecured Claims.**

This class includes all allowed unsecured claims. Each member of Class 4 shall be paid 5.40% of its claim over 5 years in equal quarterly installments, due on the first day of each calendar quarter, starting on the first such date after the Effective Date.

This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 4 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

## Article II

## Treatment of Unclassified Claims

Under Bankruptcy Code § 1123(a)(1), (i) administrative expense claims allowed under Bankruptcy Code § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States Trustee fees and domestic support obligations arising post petition) and (ii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

A. Professional Fees. Professional fees may only be paid upon application to and approval by the Bankruptcy Court. Debtor will pay the professional fees in full in cash on the later of (i) the Effective Date or (ii) approval by the Court, except to the extent that a holder of such claim agrees to other terms.

B. Other Administrative Claims. Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising post-petition and U.S Trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.

C. Tax Claims. Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with 3.0% interest in equal amortizing payments in accordance § 511 of the Bankruptcy Code. Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the petition date. Payment of priority tax claims in full within 5 years of the order for relief and on terms not less favorable than those accorded the most favored non-priority creditor is required by § 1129(a)(9)(C).

**Article III**

**Allowance and Disallowance of Claims**

A. Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B. Delayed Distribution on Disputed Claims. No distribution will be made on account of a disputed claim unless that claim is allowed by final non-appealable order.

C. Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article IV

## Executory Contracts and Unexpired Leases

A. Executory Contracts and Leases Assumed. The Debtor assumes the following executory contracts and unexpired leases, effective upon the Effective Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation: The Debtor has no executory contracts or unexpired leases.

Any pre-confirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the Court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Post-confirmation obligations will be paid as they come due.

B. Executory Contracts and Leases Rejected. The Debtor will be conclusively deemed to have rejected all executor contracts and/or unexpired leases not previously assumed or listed in A above, as of the Effective Date. A proof of claim arising from the rejection of an executor contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 4, except to the extent this court orders otherwise.

## Article V

## Means of Implementation

The Plan will be funded through:

a. $10,000.00 of cash available on the date of the Plan Confirmation Hearing; and

b. additional cash from monthly disposable income (projected to be $6,733.00/month for the 5-year period following confirmation).

Please see Part 3 of the Disclosure Statement for further details of these projections.

## Article VI

## Discharge and Other Effects of Confirmation

A. Discharge. Upon completion of all payments under the Plan, the Debtor will receive a discharge of all pre-confirmation debts, whether or not the creditor files a proof of claim, accepts the Plan, or has its claim allowed, except as provided in § 1141 of the Bankruptcy Code. Such discharge will not discharge Debtor from any debts that are non-dischargeable under § 523 of the Bankruptcy Code.

B. Vesting of Property. On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b) of the Bankruptcy Code, free and clear of all claims and interests except as provided in the Plan.

C. Plan Creates New Obligations. The payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D. Creditor Action Restrained. Creditors may not take any action to enforce either pre-confirmation obligations or obligations due under the Plan, so long as the Debtor is not in Material Default under the Plan. If the Debtor is in Material Default under the Plan, then affected creditors may: (i) take any actions permitted under non-bankruptcy law to enforce the terms of the Plan or (ii) move to dismiss this case or to convert this case to a Chapter 7 bankruptcy case.

E. Material Default Defined. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if

any) a written notice of default. The Debtor is in Material Default under the Plan if the Debtor fails within 21 days of the service of such notice of default either: (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

F. Retention of Jurisdiction. This court will retain jurisdiction to the extent provided by law.

## Article VII

## General Provisions

A. Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in the Plan.

B. Effective Date of Plan. The Effective Date of the Plan is 15 days following the date of the entry of the order confirming the Plan. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

C. Severability. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

D. Cramdown. Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b) of the Bankruptcy Code.

E. Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

F. Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

G. Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

Respectfully submitted,

Ludo Gust Mensch

Lorraine Patricia Mensch

LAW OFFICES OF MICHAEL JAY BERGER

By:

Michael Jay Berger
Attorney for Debtors,
Ludo Gust Mensch and Lorraine Patricia Mensch

| In re: LUDO GUST MENSCH AND LORRAINE PATRICIA MENSCH | CHAPTER:11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-22102-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9454 Wilshire Blvd., 6th floor, Beverly Hills, CA 90212-2929

A true and correct copy of the foregoing document described "**DISCLOSURE STATEMENT**" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 11, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On April 11, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 11, 2011 | Jessica Orchard | /s/ Jessica Orchard |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 F 9013-3.1

**SERVICE LIST**

***Section I – Served Via Electronic Notice***

United States Trustee (SV)
Office of The United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367
ustpregion16.wh.ecf@usdoj.gov
kate.bunker@usdoj.gov

Christopher M McDermott
ecfcacb@piteduncan.com

Eric J Testan
ecfcacb@piteduncan.com

Todd S Garan
ecfcacb@piteduncan.com

Edward T Weber
bknotice@rcolegal.com

***Section II – Served Via US Mail***

Chambers of Judge Maureen Tighe
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 325
Woodland Hills, CA 91367

Ludo Gust Mensch and Lorraine Patricia Mensch
2319 Waring Dr.
Agoura Hills, CA 91301
*Debtors and Debtors In Possession*

**Special Notice Parties**
Martin K. Deniston
Wilson,Elser, Moskowitz
555 So. Flower St., Ste. 2900
Los Angeles, CA 90071

Tina J Wan
SEYFARTH SHAW LLP
2029 Century Park East, Ste. 3500
Los Angeles, CA 90067-3021

**Secured Creditors**

Capital One, National Association
c/o Corporation Service Company,
Agent for Service of Process
2730 Gateway Oaks Dr. Ste 100
Sacramento, CA 95833

JPMorgan Chase Bank
c/o CT Corporation System,
Agent for Service of Process
818 W. 7th St.
Los Angeles, CA 90017

PNC Bank, N.A.
c/o Pite Duncan, LLP
ATTN: Eric J. Testan
4375 Jutland Drive, Suite 200;
P.O. Box 17933
San Diego, CA 92177-0933

Ricky Lee Jones
Chakmakis & Associates
Village on Canon
301 North Canon Drive, Suite 315
Beverly Hills, CA 90210

**Unsecured Creditors**

Alliant Credit Union
1 Corporate Dr. Ste. 360
Lake Zurich, IL 60047

Alliant Credit Union
11545 West Touhy Ave
Chicago, IL 60666

American Express
P.O. Box 0001
Los Angeles, CA 90096

American Express
c/o Becket and Lee LLP
Po Box 3001
Malvern, PA 19355

Capital Management Services
726 Exchange Street, Suite 700
Buffalo, NY 14210

Chase
P.o. Box 15298
Wilmington, DE 19850

Chase
Po Box 901039
Fort Worth, TX 76101

Chase
Attn: Bankruptcy Dept
Po Box 15145
Wilmington, DE 19850

Discover Fin
Attention: Bankruptcy Department
Po Box 3025
New Albany, OH 43054

Dr. Kessler & Resnick Dental
28632 Roadside Drive
Agoura Hills, CA 91301

HSN
PO Box 9090
Clearwater, FL 33758

Kohls
Attn: Recovery Dept
Po Box 3120
Milwaukee, WI 53201

Kohls
PO Box 2983
Milwaukee, WI 53201-2983

Los Angeles County Treasurer and Tax Collector
225 N. Hill Street
POB 512102
Los Angeles, CA 90051

National City Card Ser
1 National City Pkwy
Kalamazoo, MI 49009

NCO Financial Systems
Po Box 15773
Wilmington, DE 19850

ProTax LLC
c/o Christopher Middleton
13715 Poway Rd. Suite B
Poway, CA 92064